UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| NATHAN REARDON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:25-cv-00099-LEW |
| | ) | |
| LOWES HOME CENTERS, LLC, | ) | |
| | ) | |
| Defendant | ) | |

**ORDER ON MOTION TO COMPEL PRODUCTION
OF UNEDITED SURVEILLANCE FOOTAGE**

In this action, Plaintiff seeks to recover monetary damages for an injury that he allegedly sustained while in a checkout line at Defendant's store in Brewer, Maine. Plaintiff asks the Court to compel Defendant to produce "complete unedited surveillance footage" of the December 28, 2019, incident in which he was injured. (Motion to Compel, ECF No. 16.) More particularly, Plaintiff asks the Court to order Defendant to produce the video recording of the checkout line for the two-hour period before and the two-hour period after Plaintiff was injured.

Defendant argues that (1) the Court should not consider Defendant's motion because Plaintiff did not obtain leave of Court to file the motion in accordance with District of Maine Local Rule 26, (2) Defendant has produced the complete video recording of the time Plaintiff was in the checkout line, and (3) the additional recordings requested are irrelevant, and the request is disproportional to the needs of the case.

Following a review of the record and after consideration of the parties' arguments, the Court denies Plaintiff's motion.

## DISCUSSION

District of Maine Local Rule 26(b) provides that a party must obtain leave of the Court to file a motion to compel. The Rule is designed to require that the parties confer and attempt to resolve any disputed discovery issues and to permit the Court the opportunity to resolve disputed issues without the need for motion practice. Plaintiff did not request leave to file the motion and did not otherwise comply with Local Rule 26. The Court, therefore, denies the motion on that basis.

The Court also denies the motion because Plaintiff has failed to demonstrate that Defendant has not produced all the video recordings relevant to Plaintiff's claim. Plaintiff claims that he injured a tendon in his thumb when a "cashier mishandled" a wooden fence post that Plaintiff purchased. (Complaint at 2, ECF No. 1.) In his complaint, Plaintiff alleges that the video recording produced by Defendant "clearly" shows that the incident happened and "visibly captures the cashier's mishandling of the wooden post."[1] (*Id.*) Plaintiff thus acknowledges that the video recording depicts the relevant events. Plaintiff provides no reasonable explanation for why recordings of the checkout line for two hours before Plaintiff was in the line and two hours after he was in the line would be relevant to a claim that is based on what occurred when he was in the line. In short, the Court finds no evidence that would support a finding that Defendant failed to provide the entirety of the video recording relevant to Plaintiff's claim.

---

[1] Plaintiff previously asserted the claim that he asserts in this action. *See Reardon v. Lowe's Companies, Inc.*, 1:21-cv-00362-LEW. The Court dismissed the matter without prejudice based on Plaintiff's failure to satisfy his discovery obligations and to comply with the Court's discovery order. According to Defendant, Plaintiff obtained a copy of the recording as part of the discovery process in the earlier case.

## CONCLUSION

For the reasons explained above, because Plaintiff did not obtain leave of court to file a motion to compel as required by Local Rule 26 and because Plaintiff has not demonstrated that Defendant has failed to provide the entirety of the video recording relevant to Plaintiff's claim, the Court denies Plaintiff's motion to compel.

## **NOTICE**

Any objections to this order shall be filed in accordance with Federal Rule of Civil Procedure 72.

s/ John C. Nivison
U.S. Magistrate Judge

Dated this 2nd day of December, 2025.