UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

NATHAN REARDON,                          )
                                         )
            Plaintiff,                   )
      v.                                 )          No. 1:25-cv-00099-JAW
                                         )
LOWE'S HOME CENTERS, LLC,                )
                                         )
            Defendant.                   )

**ORDER ON PENDING MOTIONS**

The court resolves nine motions pending in this civil action, denying all of plaintiff's motions and ordering plaintiff to respond to the pending motion for summary judgment.

## I.    BACKGROUND[1]

### A.    Procedural Background

On March 19, 2025, Nathan Reardon, acting pro se, filed a complaint against Lowe's Home Centers LLC (Lowe's) claiming that he sustained a personal injury while shopping at Lowes on December 29, 2019. *Compl.* (ECF No. 1). On March 20, 2025, the Magistrate Judge granted Mr. Reardon's motion to proceed without prepayment of fees and costs and ordered the United States Marshal Service to serve Lowes. *Order* (ECF No. 4); *Order for Serv.* (ECF No. 5). Attorney Brian A. Suslak waived service of process on April 4, 2025 on behalf of Lowe's, *Waiver of the Serv. of*

---

[1]    This case was initially assigned to Chief Judge Lance Walker; however, on June 22, 2026, Chief Judge Walker recused himself from this case. *Order of Recusal* (ECF No. 47). On the same day, this case was randomly assigned to this Judge.

1

*Summons* (ECF No. 6), and Attorney Suslak filed an answer to the complaint for Lowe's on May 16, 2025. *Answer, Affirmative Defenses, and Jury Demand of Def., Lowe's Home Centers, LLC*, (ECF No. 7). On May 16, 2025, the Magistrate Judge issued a scheduling order. *Scheduling Order with Incorporated Rule 26(f) Order* (ECF No. 9) (*Scheduling Order*). There are currently ten pending motions in this case.

On November 18, 2025, Mr. Reardon filed a motion to amend his complaint. *Mot. for Leave to File First Am. Compl.* (ECF No. 22) (*Pl.'s Mot. to Amend*). On December 4, 2025, Lowe's filed an objection to Mr. Reardon's motion to amend complaint. *Def.'s Obj. to Pl.'s Mot. for Leave to File First Am. Compl.* (ECF No. 31) (*Def.'s Opp'n to Mot. to Amend*).

Also on November 18, 2025, Mr. Reardon filed a motion for expedited trial. *Mot. for Expedited Jury Trial* (ECF No. 23) (*Pl.'s Expedited Mot.*). Lowe's filed an objection on December 4, 2025. *Def.'s Obj. to Pl.'s Mot. for Expedited Jury Trial* (ECF No. 32) (*Def.'s Expedited Opp'n*).

In his November 20, 2025 reply to Lowe's response to Mr. Reardon's motion to compel unedited surveillance footage, Mr. Reardon filed a motion for sanctions.[2] *Mot. for Sanctions* (ECF No. 25) (*First Sanctions Mot.*). On December 11, 2025, Lowe's

---

[2]    On October 28, 2025, Mr. Reardon filed a motion to compel production of unedited surveillance footage. *Pl.'s Mot. to Compel Production of Unedited Surveillance Footage* (ECF No. 16). Lowe's filed its opposition on November 17, 2026. *Def.'s Obj. to Pl.'s Mot. to Compel Production of Unedited Surveillance Footage* (ECF No. 21). In his reply to Lowe's objection, Mr. Reardon also moved for sanctions for spoliation of evidence. *Pl.'s Resp. to Def.'s Obj. to Mot. to Compel and Mot. for Sanctions for Spoliation of Evid.* (ECF No. 24). On December 2, 2025, the Magistrate Judge denied Mr. Reardon's motion to compel. *Order on Mot. to Compel Production of Unedited Surveillance Footage* (ECF No. 26) (*Surveillance Order*). But the Magistrate Judge did not directly rule on the motion for sanctions.

2

filed an objection to the motion for sanctions. *Def.'s Obj. to Pl.'s Mot. for Sanctions for Spoliation of Evid.* (ECF No. 33) (*Def.'s First Sanctions Opp'n*).

On December 3, 2025, Lowe's filed a motion for summary judgment, a memorandum of law in support of its motion, and a statement of material facts. *Def. Lowe's Home Centers, LLC's Mot. for Summ. J.* (ECF No. 29); *Id.*, Attach. 1, *Def. Lowe's Home Centers, LLC's Mem. of Law in Support of Mot. for Summ. J.* (*Def.'s Summ. J. Mem.*); *Def. Lowe's Home Centers, LLC's Statement of Material Facts in Support of Mot. for Summ. J.* (DSMF). Mr. Reardon has not responded to Lowe's motion for summary judgment.

On December 11, 2025, Mr. Reardon filed a motion to extend time to conduct depositions. *Mot. for Extension of Time to Conduct Deps.* (ECF No. 34) (*Pl.'s Extension Mot.*). On December 26, 2025, Lowe's filed an objection to the motion to extend time. *Def.'s Obj. to Pl.'s Mot. for Extension of Time to Conduct Deps.* (ECF No. 41) (*Def.'s Extension Opp'n*).

On December 11, 2025, Mr. Reardon filed a second motion for sanctions. *Pl.'s Mot. for Sanctions Against Def. and Defense Counsel* (ECF No. 35) (*Second Sanctions Mot.*). On December 26, 2025, Lowe's filed an objection to the motion for sanctions. *Def.'s Obj. to Pl.'s Mot. for Sanctions under Fed. R. Civ. P. 37 for Disc. Obstruction and Failure to Preserve Evid.* (ECF No. 43) (*Def.'s Second Sanctions Opp'n*).

On December 11, 2025, Mr. Reardon filed a motion for the Court to defer ruling on Lowe's anticipated motion for summary judgment under Rule 56(d). *Pl.'s Mot. to Defer Ruling on Def.'s Anticipated Mot. for Summ. J. Under Rule 56(d)* (ECF No. 36)

3

(*Pl.'s Defer Mot.*).  On December 29, 2025, Lowe's filed an objection to the motion to defer ruling.  *Def.'s Obj. to Pl.'s Mot. to Defer Ruling on Def.'s Anticipated Mot. for Summ. J. Under Rule 56(d)* (ECF No. 45) (*Def.'s Defer Opp'n*).

On December 16, 2025, Mr. Reardon filed a motion for leave to reopen discovery.  *Pl.'s Mot. for Leave to Reopen Disc. for the Limited Purpose of Completing Necessary Depositions and Addressing Evidentiary Deficiencies Caused by Def.'s Noncompliance* (ECF No. 37) (*Pl.'s Reopen Mot.*).  On December 29, 2025, Lowe's filed an objection to Mr. Reardon's motion for leave to reopen discovery.  *Def.'s Obj. to Pl.'s Mot. for Leave to Re-Open Disc.* (ECF No. 40) (*Def.'s Reopen Opp'n*).

On December 16, 2025, Mr. Reardon filed a motion to compel depositions.  *Pl.'s Mot. to Compel Deps.* (ECF No. 38) (*Pl.'s Compel Mot.*).  On December 26, 2025, Lowe's filed its opposition to Mr. Reardon's motion to compel depositions.  *Def.'s Obj. to Pl.'s Mot. to Compel Deps.* (ECF No. 42) (*Def.'s Compel Opp'n*).

On December 16, 2025, Mr. Reardon filed a third motion for sanctions.  *Pl.'s Mot. for Sanctions Under Fed. R. Civ. P. 37 for Disc. Obstruction and Failure to Preserve Evid.* (ECF No. 39) (*Third Sanctions Mot.*).  On December 26, 2025, Lowe's filed an objection to Mr. Reardon's third motion for sanctions.  *Def.'s Obj. to Pl.'s Mot. for Sanctions Against Def. and Defense Counsel* (ECF No. 44) (*Def.'s Third Sanctions Opp'n*).

## B.    Factual Background

### 1.    The Allegations of the Complaint: A Summary

Mr. Reardon's complaint alleges that on December 29, 2019, he was visiting Lowe's store at 15 Arista Drive, Brewer, Maine, intending to purchase wooden fence

posts for a project. *Compl.* ¶ 5. While in the checkout line, Mr. Reardon says that a Lowe's cashier mishandled a 4x4 wooden fence post, causing it to fall toward his head, and to protect himself from serious injury, he reached up to catch the falling post, which struck and damaged his thumb. *Id.* ¶¶ 6-7. Mr. Reardon alleges that as a result of the cashier's negligence, he suffered a tendon injury to his thumb, requiring surgical repair. *Id.* ¶ 9. Mr. Reardon says that he has experienced permanent damage to his thumb, including ongoing pain and reduced mobility, preventing him from using his hand as he did before the incident. *Id.* ¶ 10. Mr. Reardon further alleges that he is the father of five young children and works as a mechanic, a job that requires full mobility and dexterity in his hands and that he also performs carpentry and maintenance work, both of which have been significantly impaired by the injury to his thumb. *Id.* ¶ 3. Finally, he says that the thumb injury has caused him to severely restrict his ability to engage in activities with his children. *Id.* Mr. Reardon's complaint alleges that Lowe's was negligent and that its negligence has caused him to suffer damages. *Id.* ¶¶ 11-15.

### 2.   Scheduling Order

On May 16, 2025, the Magistrate Judge issued a scheduling order, which imposed the following deadlines:

1)   Mr. Reardon and counsel for Lowe's were ordered to confer as required by Federal Rule of Civil Procedure 26(f) and unless there was an objection to the Scheduling Order and a proposed discovery plan filed by June 6, 2025, the Court would conclude that the Rule 26(f) conference

had taken place and that the deadlines in the Scheduling Order were agreed to;

2)    The Scheduling Order placed this case on the standard track. It limited discovery for each party to not more than thirty interrogatories, thirty requests for admission, two sets of requests for production, and five depositions;

3)    The Scheduling Order established May 30, 2025 as the deadline for the Rule 26(f) conference between Mr. Reardon and counsel for Lowe's;

4)    The Scheduling Order set June 13, 2025 as the deadline for initial disclosure pursuant to Federal Rule of Civil Procedure 26(a)(1);

5)    The Scheduling Order established August 1, 2025 as the deadline for amendment of the pleadings and joinder of parties;

6)    The Scheduling Order set August 1, 2025 as the deadline for Mr. Reardon to designate expert witnesses and September 5, 2025 as the deadline for Lowe's to designate expert witnesses both pursuant to Federal Rule of Civil Procedure 26(a)(2)(A);

7)    The Scheduling Order established October 3, 2025 as the discovery deadline;

8)    The Scheduling Order set October 10, 2025 as the deadline to file a notice of intent to file motion for summary judgment;

9)   The Scheduling Order established October 24, 2025 as the deadline for the filing of all dispositive motions and all *Daubert*[3] and *Kumho*[4] motions;

10)   The Scheduling Order set an anticipated trial date of January 7, 2026; and

11)   The Scheduling Order required Mr. Reardon to make a settlement demand by September 19, 2025 and required Lowe's to respond by October 3, 2025.

*Scheduling Order* at 1-3.  There was no objection to the Scheduling Order and its deadlines remain in place.

### 3.   Progress of the Case

At least as far as the Court was aware, the case went quiet following the issuance of the Scheduling Order.  Mr. Reardon filed a motion in limine, involving a defense expert witness, which the Magistrate Judge resolved on October 20, 2025. *Order* (ECF No. 14).  After Lowe's filed its notice of intent to file a motion for summary judgment, the Magistrate Judge held a telephone conference on November 13, 2025 at which Mr. Reardon appeared on his own behalf and Attorney Suslak appeared on behalf of Lowe's. *Min. Entry* (ECF No. 19).  The telephone conference was uneventful, *see Tr. of Proceedings, Teleconf. for Local Rule 56 Pre-Filing Conf.* (ECF No. 46), and on November 13, 2025, the Magistrate Judge issued a report of the conference,

---

[3]   *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

[4]   *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).

establishing filing deadlines that were agreed upon during the conference. *Report of Pre-Filing Conf. Under Local R. 56(h) and Procedural Order* (ECF No. 20).

The first suggestion of a serious dispute between Mr. Reardon and Lowe's was Mr. Reardon's October 28, 2025 motion for Lowe's to produce unedited surveillance footage. *Pl.'s Mot. to Compel Production of Unedited Surveillance Footage* (ECF No. 16). In this motion, Mr. Reardon argued that Lowe's had produced only an edited clip of the incident, which omitted frames critical to the injury, and he demanded an unedited version of the cashier station and nearby aisles for a two-hour period surrounding the incident. *Id.* at 1-2.

Lowe's responded that it had already produced the complete video footage in its possession, which had been preserved following the December 2019 incident. *Def.'s Obj. to Pl.'s Mot. to Compel Production of Unedited Surveillance Footage* (ECF No. 21). Also, Lowe's argued that Mr. Reardon had failed to comply with Local Rule 26(c), which requires that a litigant request a discovery dispute conference before filing a motion to compel. *Id.* at 1 (citing D. ME. LOC. R. 26(c)(1)). Lowe's represented that in March 2022 it first produced the video, which is 5:35 minutes in length and captures Mr. Reardon's entire transaction at the cashier station during Mr. Reardon's first lawsuit against Lowe's for this incident, which had been dismissed by the Court. *Id.* at 2 (citing *Nathan Reardon v. Lowe's Companies, Inc.*, Civil No. 1:21-cv-00362-LEW). Lowe's said that it produced the video again in March 2025 in the context of this lawsuit. *Id.* at 3. Lowe's said that it has not refused to produce the entire video, because before filing his motion, Mr. Reardon had never taken issue with Lowe's

8

production of the video.  *Id.*  Lowe's also questioned whether two hours of video of the cashier station was relevant and proportional to the needs of the case, and it doubted whether two hours of video could be recovered.  *Id.* at 5-6.  Finally, Lowe's denied that the produced video had been edited in any way.  *Id.* at 6.

On December 2, 2025, the Magistrate Judge issued an order denying Mr. Reardon's motion to compel.  *Order on Mot. to Compel Production of Unedited Surveillance Footage* (ECF No. 26) (*Surveillance Order*).  The Magistrate Judge based his ruling on Mr. Reardon's failure to comply with Local Rule 26(b), which requires a litigant to obtain leave of court before filing a motion to compel, and on Lowe's representation that it had already produced all video recordings relevant to Mr. Reardon's claim.  *Surveillance Order* at 2-3.  Mr. Reardon did not file an objection to the Magistrate Judge's December 2, 2025 order.

## II.    DISCUSSION

### A.    Motion to Amend Complaint

#### 1.    The Parties' Positions

Chronologically, the first pending motion is Mr. Reardon's motion to amend the complaint.  On November 18, 2025, Mr. Reardon moved to amend his complaint to add four new counts: premises liability, negligent training and supervision, negligent infliction of emotional distress, and res ipsa loquitur.  *Pl.'s Mot. to Amend*, Attach. 1, *First Am. Compl.* at 1-2 (*First Am. Compl.*).  Mr. Reardon asserted that Lowe's had "delayed discovery, and amendment clarifies and expands the claims to conform to the evidence."  *Pl.'s Mot. to Amend* at 1.  In the introduction to the proposed amended complaint, Mr. Reardon expands his explanation for his late filing, arguing

that Lowe's "has delayed discovery, withheld the full surveillance footage, and attempted to engineer dismissal through incomplete disclosures." *First Am. Compl.* at 1.

Lowe's objected on December 4, 2025. *Def.'s Opp'n to Mot. to Amend* at 1-5. Lowe's points out that the deadline to amend the pleadings expired on August 1, 2025 and therefore to amend his complaint, Mr. Reardon has the burden to demonstrate good cause for his delay. *Id.* at 1. Lowe's cites caselaw that discusses the good cause standard for late amendment of pleadings and rejects efforts to amend pleadings without meeting the good cause standard. *Id.* at 2-3. Although Mr. Reardon asserted in his motion that this case has been pending for five years, Lowe's notes that this case has been pending only since March 19, 2025, and it reviews the disposition of Mr. Reardon's earlier lawsuit against Lowe's for the same incident. *Id.* at 3-4. Lowe's objects to Mr. Reardon's claim that it had delayed discovery. *Id.* at 4. Finally, Lowe's says that Mr. Reardon has made no claim that he has discovered new facts underlying his complaint and that the four new causes of action he proposed to proceed with now have been available to him throughout his dealings with Lowe's in this and his prior lawsuit. *Id.* at 4-5.

### 2.    Legal Standards

Under the Federal Rules of Civil Procedure, a "party may amend its pleading once as a matter of course no later than 21 days after serving it . . . ." FED. R. CIV. P. 15(a)(1)(A). But if a party wants to amend the complaint after that period, it must obtain "the opposing party's written consent or the court's leave." FED. R. CIV. P.

15(a)(2).  Here, Lowe's objects to Mr. Reardon's motion to amend and therefore the question is whether the Court should grant leave for him to do so.

Leave to amend should be freely given "when justice so requires." *Id.*  But "[a]s a case progresses, and the issues are joined, the burden on a plaintiff seeking to amend a complaint becomes more exacting." *Hewes v. Pangburn,* 162 F.4th 177, 201 (1st Cir. 2025) (quoting *Steir v. Girl Scouts of the USA,* 383 F.3d 7, 12 (1st Cir. 2004)). "Once a scheduling order is in place, the liberal default rule is replaced by the more demanding 'good cause' standard of Federal Rule of Civil Procedure 16(b)." *Id.* at 201 (quoting *Steir,* 383 F.3d at 12); *see also Miceli v. JetBlue Airways Corp.,* 914 F.3d 73, 86 (1st Cir. 2019) ("In that event, a motion to amend filed outside the parameters set by the scheduling order will be granted only upon a showing of good cause." The good cause standard "makes perfect sense: without it, scheduling orders would be little more than aspirational statements, to be disregarded by the parties whenever compliance proves inconvenient." *Miceli,* 914 F.3d at 86 (citation modified). "Properly deployed, the elevated good cause standard puts teeth into Rule 16(b) scheduling orders and preserves the integrity and effectiveness of [such] scheduling orders." *United States ex rel. D'Agostino v. EV3 Inc.,* 802 F.3d 188, 194 (1st Cir. 2015) (citation modified).

"The 'good cause' standard focuses on both the conduct of the moving party and the prejudice, if any, to the nonmovant." *Miceli,* 914 F.3d at 86.  "The longer a plaintiff delays, the more likely the motion to amend will be denied, as protracted

11

delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend." *Id.* (citation modified).

### 3.    Discussion

Here, eleven months after filing suit, Mr. Reardon seeks to amend his complaint to add four new causes of action. When he filed the motion on November 18, 2025, more than three months had passed since the August 1, 2025 Scheduling Order deadline for amendment of the pleadings. *See Hewes*, 162 F.4th at 202 (discussing a six month interval after the scheduling order deadline). The discovery deadline had lapsed on October 3, 2025, and under the Scheduling Order, the case was vulnerable for trial in January 2026. On October 9, 2025, Lowe's had filed a notice of its intent to file a motion for summary judgment. *Def. Lowe's Home Centers, LLC's Notice of Intent to File Mot. for Summ. J.* (ECF No. 13).

In Mr. Reardon's complaint, he specified the basis of his claim of Lowe's negligence. After describing the elements of a negligence claim in Maine, Mr. Reardon states:

> As a customer, the Plaintiff was owed a duty of care by Lowe's to protect him from harm caused by its employees or products. The cashier, an agent of Lowe's, breached this duty by failing to handle the wooden post with reasonable care.

*Compl.* ¶ 12. In his proposed amended complaint, Mr. Reardon seeks to specify that he is making a premises liability claim. *First Am. Compl.* ¶¶ 14-17. In the Court's view, his current complaint already alleges a premises liability claim. As former Chief Judge Jon Levy explained in *Castonguay v. Mac's Convenience Stores*, No. 1:21-cv-00083-JDL, 2022 U.S. Dist. LEXIS 142137 (D. Me. Aug. 10, 2023), under Maine

law, "a special relationship exists between the proprietor of a convenience store and the store's customers." *Id.* at \*6. In effect, Mr. Reardon has already claimed in his original complaint that Lowe's duty of care to Mr. Reardon is grounded on its special relationship with him as its customer. Actually, the duty owed to a customer is "more expansive than traditional premises liability." *Id.* at \*12. Thus, in the Court's view, there is no need for Mr. Reardon to allege premises liability as a cause of action in an amended complaint because he has already made that allegation.

Mr. Reardon's proposed amended complaint also claims that he "suffered emotional distress directly caused by Defendant's negligence." *First Am. Compl.* ¶¶ 18-19. First, Mr. Reardon's facts do not fit within a negligent infliction of emotional distress claim. As the Maine Supreme Judicial Court has described it, a claim for infliction of emotional distress is available when the injured person has sustained no bodily injury and due to the unique nature of the claim, Maine law requires "proof of severe emotional distress, an element of damages that is not ordinarily required when the separate tort . . . provides for recovery for emotional damages." *Curtis v. Porter*, 2001 ME 158, ¶ 20, 784 A.2d 18. The Law Court has pointed out that "[w]e have long allowed recovery for 'mental anguish and loss of enjoyment of life' in most tort actions." *Id.* ¶ 19. Thus, as the *Curtis* Court explained, even though negligent infliction of emotional distress claims are often added to a complaint, it is typically not necessary to do so because the injured person has a right to claim emotional distress in a negligence claim. *Id.* ¶ 20. Thus, as with Mr. Reardon's premises liability claim, it is not necessary for him to amend his complaint

13

because his allegation of physical injury from Lowe's alleged negligence allows him to claim emotional sequalae from Lowe's negligence.

The same general logic also applies to Mr. Reardon's res ipsa loquitur cause of action. Res ipsa loquitur is not a separate cause of action. It is instead a "means of proving negligence on the part of the defendant." JACK H. SIMMONS, DONALD N. ZILLMAN & ROBERT H. FURBISH, MAINE TORT LAW § 7.12 (2018 ed.). Thus, by alleging that Lowe's was negligent in his original complaint, Mr. Reardon has preserved his right to claim that he is entitled to prove its negligence with the assistance of the doctrine of res ipsa loquitur.[5]

Finally, in his proposed amended complaint, Mr. Reardon claims that Lowe's was negligent in its training and supervision of its employees. *First Am. Compl.* ¶¶ 16-17. First, Maine law has recognized that a plaintiff may proceed under a theory of negligent supervision only when there is a fiduciary relationship between the injured person and the employer. *See Fortin v. Roman Catholic Bishop of Portland*, 2005 ME 57, ¶¶ 18-39, 871 A.2d 1208. The Court is aware of no authority that imposes the type of fiduciary relationship on a store owner for its customers that the Law Court described in *Fortin. Id.* ¶ 38 (concluding that a fiduciary relationship existed between the Catholic Church and a parochial school student and altar boy based on the boy's placement of trust in the Church and the substantial disparity of power and influence between him and the Diocese); *Dragomir v. Spring Harbor Hosp.*,

---

[5]    The Court is not implying that the doctrine of res ipsa loquitur is applicable to this factual situation. *See Wellington Associates, Inc. v. Capital Fire Protection Co., Inc.*, 594 A.2d 1089, 1092 (Me. 1991) (setting forth the necessary elements of res ipsa loquitur).

2009 ME 51, ¶ 21, 970 A.2d 310 (concluding that a special relationship may exist between a psychiatric hospital and a patient with schizophrenia).

Similarly, "the failure to properly train employees is not a recognized cause of action in Maine." *Mendillo v. MRE, Inc.*, CV-14-05, 2014 Me. Super. LEXIS 122, at *6 (Me. Super. May 21, 2024). A failure of an employer to train an employee may be evidence of a violation of a duty of care, but it is "not the basis of [a] negligence claim itself." *Id.*

In sum, the Court denies Mr. Reardon's motion to amend his complaint. First, he has not established good cause for his delay in making the motion, and second, his proposed causes of action of premises liability, negligent training and supervision, negligent infliction of emotional distress, and res ipsa loquitur are either already subsumed under his pending complaint or are causes of action unavailable to him under Maine law.

### B.     Motion for Expedited Trial
#### 1.     The Parties' Positions

On November 18, 2025, Mr. Reardon filed a motion for expedited trial. *Pl.'s Expedited Mot.* at 1. In the motion, Mr. Reardon asserts that this case has been pending for five years, that the Defendant has withheld full video evidence, delayed discovery, and pursued procedural tactics intended to prevent the case from reaching a jury. *Id.* These factors, he contends, entitle him to an expedited trial. *Id.*

In its objection, Lowe's disputes the factual bases for Mr. Reardon's motion. *Lowe's Expedited Opp'n* at 1-4. Lowe's points out that Mr. Reardon filed this case on March 19, 2025. *Id.* ¶ 6; *See Compl.* Lowe's concedes, *Lowe's Expedited Opp'n* at ¶ 6,

15

that on December 17, 2021, Mr. Reardon had filed an earlier case, *Nathan Reardon v. Lowe's Companies Inc.*, No. 1:21-cv-00362-LEW, but that on February 12, 2024, Chief Judge Lance Walker dismissed Mr. Reardon's complaint without prejudice against Lowe's due to his failure to respond to Lowe's discovery requests, despite Judge Walker's discovery order, which attempted to facilitate discovery while Mr. Reardon was incarcerated. *Id.*, *Order on Def.'s Mot. for Sanctions* (ECF No. 33). Mr. Reardon appealed the dismissal, and on May 10, 2024, the Court of Appeals for the First Circuit dismissed his appeal for lack of prosecution. *Id.*, *J.* (ECF No. 42).

Lowe's disputes Mr. Reardon's allegations that it has withheld video evidence or that it has delayed discovery. *Def.'s Expedited Opp'n* at 2-3. Furthermore, Lowe's indicated it was unclear what procedural tactics it has used to prevent the case from reaching a jury. *Id.* at 3-4.

### 2.    Discussion

After Mr. Reardon filed his motion for expedited trial on November 18, 2025, Lowe's filed a motion for summary judgment on December 3, 2025. *Def.'s Mot. for Summ. J.* Lowe's is entitled to have its motion for summary judgment resolved before the case is scheduled for trial. In fact, the delay in the disposition of Lowe's motion for summary judgment rests with Mr. Reardon, since he has not yet responded to Lowe's dispositive motion and has filed motions seeking further discovery. Furthermore, Mr. Reardon is incorrect in asserting that this case has been pending for five years. It has been pending only since March 2025 and, in the Court's view, has proceeded quickly until recently. Once the Court resolves the motion for summary judgment, if the motion is not granted, the Court anticipates that the

16

matter will then be trial ready. The Court thus dismisses without prejudice Nathan Reardon's motion for expedited trial.

### C.   Motions for Sanctions

#### 1.   The Parties' Positions

Mr. Reardon has filed three motions for sanctions against Lowe's and two against Lowe's counsel.  *First Sanctions Mot.*; *Second Sanctions Mot.*; *Third Sanctions Mot.*  As noted earlier, Mr. Reardon's first motion for sanctions was contained in his reply to Lowe's opposition to his motion to compel unedited surveillance footage.  In that reply, Mr. Reardon sought sanctions against Lowe's for destroying all video evidence of the December 29, 2019 incident.  *First Sanctions Mot.* at 1-4.

In Mr. Reardon's second motion for sanctions, he accused Lowe's and its defense counsel of obstruction, refusal to schedule depositions, and strategic delay tactics that interfered with his ability to conduct discovery.  *Second Sanctions Mot.* at 1-2.

In Mr. Reardon's third motion for sanctions, he reiterates his claim that Lowe's had repeatedly refused to participate in discovery, has obstructed Mr. Reardon's ability to obtain depositions, failed to produce surveillance footage, and failed to engage in discovery in good faith.  *Third Sanctions Mot.* at 1-6.

Lowe's firmly rejects Mr. Reardon's accusations of misconduct relating to spoliation of evidence, noting that the Magistrate Judge denied Mr. Reardon relief on this issue.  *Def.'s First Sanctions Opp'n* at 1.  Next, Lowe's argues that Mr. Reardon has failed to demonstrate that there was video evidence that it should have preserved

17

relevant to the litigation and no evidence that Lowe's intentionally deprived Mr. Reardon of video evidence that would be relevant. *Id.* at 2-4.

In its second and third responses, Lowe's denied all allegations of impropriety or obstruction of court process. *Def.'s Second Sanctions Opp'n* at 1; *Def.'s Third Sanctions Opp'n* at 1. Instead, Lowe's says, it is Mr. Reardon who failed to meet the Court's discovery deadlines and is disregarding the Court's earlier order on spoliation. *Def.'s Second Sanctions Opp'n* at 1-2; *Def.'s Third Sanctions Opp'n* at 1-2. at 1-2. Lowe's says that it complied with its discovery obligations and Mr. Reardon did not comply with his. *Def.'s Second Sanctions Opp'n* at 3-4; *Def.'s Third Sanctions Opp'n* at 2-3.

###   2.      Discussion

Mr. Reardon's first motion and in part his third motion involve his contentions regarding the so-called surveillance videos that he believes Lowe's has possession of or that he contends it has destroyed. The Magistrate Judge addressed his contentions in his December 2, 2025 order on his motion to compel. *Surveillance Order* at 1-3. The Court has nothing to add, and therefore it denies his first motion and to the extent Mr. Reardon is complaining about the Lowe's video in his third motion, denies his third sanctions motion as well.

Regarding Mr. Reardon's arguments about discovery, the Court addresses the status of discovery in its order on Mr. Reardon's motion to reopen discovery; however, based on its conclusion that Mr. Reardon has demonstrated no discovery violations

by Lowe's and that his complaints about discovery failed to comply with this District's Local Rule and are too late.

The Court denies Mr. Reardon's three motions for sanctions as non-meritorious.

### D.   Discovery Motions

#### 1.   The Positions of the Parties

Mr. Reardon has filed four motions concerning the status of discovery and seeking permission to engage in discovery. On December 11, 2025, Mr. Reardon filed a motion for extension of time to conduct discovery, *Pl.'s Extension Mot.*; also on December 11, 2025, Mr. Reardon filed a motion for the Court to defer ruling on Lowe's motion for summary judgment, *Pl.'s Defer Mot.*; and, on December 16, 2025, Mr. Reardon filed both a motion to reopen discovery, *Pl.'s Reopen Mot.*, and a motion to compel depositions. *Pl.'s Compel Mot.*

In Mr. Reardon's extension motion, he asks for an extension of time to conduct depositions of Lowe's employees and its expert witness. *Pl.'s Extension Mot.* at 1. Mr. Reardon states that good cause exists for an extension. *Id.* Mr. Reardon explains that in September 2025, he requested to depose Dr. Bruce Leslie, Lowe's disclosed expert, and that Lowe's counsel refused to schedule Dr. Leslie's deposition unless Mr. Reardon paid several thousand dollars in advance for the doctor's appearance. *Id.* Mr. Reardon represents that he "promptly sought Court intervention regarding the expert deposition fee, and that matter remains pending with no ruling to date." *Id.* Thus, Mr. Reardon says Lowe's prevented him from completing the key deposition. *Id.*

19

Regarding other witnesses, Mr. Reardon states that he "repeatedly requested deposition dates for other witnesses, but defense counsel failed to provide availability for months." *Id.* Then on December 3, 2025, defense counsel "abruptly stated that he would not produce any witnesses because discovery had closed." *Id.* at 1-2. Mr. Reardon writes that he has been "diligent at every stage" but that defense counsel has engaged in "delay tactics, refusal to schedule depositions, and conditioning of depositions on large pre-payments." *Id.* at 1.

Mr. Reardon's second discovery motion is a request for the Court to defer consideration of Lowe's motion for summary judgment until Mr. Reardon completes "essential discovery." *Pl.'s Defer Mot.* at 1. Mr. Reardon lists the necessary discovery: (1) depositions of Lowe's employees and cashier involved in the incident; (2) deposition of Defendant's medical expert, Dr. Bruce Leslie; (3) medical discovery and treating physician opinion regarding causation; (4) authentication and examination of store video footage; and (5) depositions of eyewitnesses Suman Korrapati, Arthur Reardon, and Heather Reardon. *Id.* Mr. Reardon maintains that Federal Rule of Civil Procedure 56(d) is "designed for exactly this scenario."

Mr. Reardon's third discovery motion asks the Court to issue an order require Lowe's to produce the witnesses for deposition identified in his motion to reopen discovery. *Pl.'s Compel Mot.* at 1-4.

Mr. Reardon's fourth discovery motion asks the Court to reopen discovery. *Pl.'s Reopen Mot.* at 1-5. In this motion, Mr. Reardon asks the Court to reopen discover for sixty days to allow for the following depositions: (1) cashier involved in the

20

incident, (2) store manager of Lowe's Brewer location, (3) district manager or safety/asset protection officer, (4) corporate deposition under Rule 30(b)(6), regarding surveillance retention and destruction policies, incident reporting protocol, Lowe's handling of the claim, and video preservation compliance under Federal Rule of Civil Procedure 37(e), and (5) medical provider deposition. *Id.* at 2. In this motion, Mr. Reardon reiterates his contentions regarding Lowe's demand for prepayment of Dr. Leslie's deposition fee and Lowe's counsel's refusal to respond to his requests to depose Lowe's employees. *Id.* at 3-5.

In its response to Mr. Reardon's extension motion, Lowe's observes that the discovery period closed on October 3, 2025 and that it has filed a motion for summary judgment. *Def.'s Extension Opp'n* at 1. Lowe's denies all allegations of impropriety or obstruction of court processes and instead says that it was Mr. Reardon who failed to diligently meet the Court's discovery deadlines. *Id.* Lowe's then referred to its response to the motion to reopen discovery. *Id.* at 1-2.

In its response to Mr. Reardon's defer motion, Lowe's objects to Mr. Reardon's request because it says Mr. Reardon did not pursue discovery with due diligence. *Def.'s Defer Opp'n* at 1. Lowe's again denies any impropriety or obstruction in its conduct of discovery and refers to its response to the motion to reopen discovery. *Id.* Lowe's expressly responds, however, to Mr. Reardon's Federal Rule of Civil Procedure 56(d) argument, noting that Rule 56(d) requires the movant to demonstrate due diligence. *Id.* at 2-3. Lowe's disputes Mr. Reardon's claim that he acted with due diligence in obtaining the discovery he now seeks. *Id.* at 3-4.

21

In its response to Mr. Reardon's compel motion, Lowe's reiterates the positions it articulated in its other responses and denies that it violated any court rules. *Def.'s Compel Opp'n* at 1-2.

Finally, in its response to Mr. Reardon's reopen motion, Lowe's notes that discovery had closed three months previously and that it has moved for summary judgment. *Id.* at 1. Lowe's points out that when the Magistrate Judge held a prefiling conference on November 13, 2025, Mr. Reardon failed to raise any of these discovery concerns. *Id.* Lowe's explains that after Mr. Reardon asked on September 4, 2025 to depose Dr. Leslie, Lowe's informed him that Dr. Leslie charges $2,500 per hour of Zoom deposition and that payment must be made at least two weeks before the event. *Id.* at 2. Mr. Reardon did not respond to Lowe's request for dates for Dr. Leslie's deposition and instead responded that he was not going to pay Dr. Leslie's fee. *Id.* The deposition was never scheduled. *Id.*

Regarding his request to depose Lowe's witnesses, Lowe's says that Mr. Reardon only referred once to the scheduling of witnesses and the employee in the context of a written discovery request. *Id.* However, Mr. Reardon never followed up or noticed any depositions. *Id.* Then after the discovery period had lapsed, Lowe's declined to produce its employees for depositions. *Id.* at 2-3.

### 2.   Discussion

The Court declines to reopen discovery to allow Mr. Reardon to complete the discovery he should have completed during the discovery period. The discovery period closed on October 3, 2025. *Scheduling Order* at 2. Lowe's has already filed a motion

22

for summary judgment, and if the Court reopened discovery, it would delay the resolution of that motion, and if Lowe's is unsuccessful, the scheduling of trial, which Mr. Reardon is otherwise anxious to expedite. *See Pl.'s Expedited Mot.* Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). The "good cause standard focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." *Somascan, Inc. v. Philips Med. Sys. Nederland, B.V.*, 714 F.3d 62, 64 (1st Cir. 2013) (quotation marks omitted).

Here, Mr. Reardon has failed to demonstrate that he was diligent during the discovery period and there is no evidence in this record, contrary to his accusations, that defense counsel has obstructed his right to discovery. Moreover, if Lowe's had failed to comply with its discovery obligations, Mr. Reardon had the right to avail himself of Local Rule 26's procedural mechanism for resolving discovery disputes, but, again contrary to his assertions, there is no evidence that he did so. Since he has not established his own diligence during the discovery period, the Court does not find good cause for modifying the discovery deadline of October 3, 2025.

The Court makes the following additional points. Regarding the dispute about the payment of Dr. Leslie's expert witness fee to attend Mr. Reardon's proposed deposition, Federal Rule of Civil Procedure 26(b)(4)(E) provides:

> Unless a manifest injustice would result, the court must require that the party seeking discovery (1) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D).

23

FED. R. CIV. P. 26(b)(4)(E).  Rule 26(b)(4)(A) refers to the deposition of an expert who may testify.  Indeed, Rule 26(b)(4)(E) is expressed in mandatory language.  Fed. R. Civ. P. 26(b)(4)(E) ("[T]he court <u>must</u> require"); *Crabtree v. Experian Info. Sols., Inc.*, 948 F.3d 872, 884 (7th Cir. 2020).  There are two exceptions, but Mr. Reardon has claimed neither.  First, the Rule requires payment, "[u]nless a manifest injustice would result."  FED. R. CIV. P. 26(b)(4)(E).  Mr. Reardon has not argued that a manifest injustice would result if he were required to pay Dr. Leslie's fee.  Furthermore, manifest injustice is "a high standard that is satisfied only in extraordinary circumstances."  *Crabtree*, 948 F.3d at 884.  Second, the Rule requires that the fee be "reasonable," and Mr. Reardon has not argued that Dr. Leslie's $2,500 hourly rate is unreasonable.[6]

As for the other depositions, there is no evidence that Mr. Reardon requested a Rule 30(b)(6) deposition of Lowe's during the discovery period, and it is unclear why Lowe's would be responsible for making witnesses as opposed to employees available for Mr. Reardon to depose.  Mr. Reardon did inform Lowe's that he would like to depose "the employee," presumably referring to the cashier, and Lowe's did not respond.  But Mr. Reardon did not bring this issue to the Court's attention during the discovery period in accordance with Local Rule 26.  If Mr. Reardon had complied with the District's Local Rule 26(c) concerning discovery disputes, the parties may have

---

[6]     There is some authority that an expert cannot demand prepayment of a fee or charge a flat fee. *See Criscio v. City of Springfield*, No. 3:22-cv-30044-MGM, 2026 U.S. Dist. LEXIS 120214, at *7-8 (D. Mass June 1, 2026).  However, Mr. Reardon has not raised these issues and did not follow the local rule regarding resolution of discovery disputes.

24

been able to resolve these discovery issues by conferring in good faith or the Court may have intervened on his behalf, but Mr. Reardon ignored this Court's procedure by which discovery disputes are resolved during the discovery period.[7]  Instead, as Mr. Reardon stated in his first sanctions motion, he believes that Local Rule 26(c) is "a distraction." *First Sanctions Mot.* at 2.

The Court disagrees.  Local Rule 26 "is designed to require that the parties confer and attempt to resolve any disputed discovery issues and to permit the Court the opportunity to resolve disputed issues without the need for motion practice." *Reardon v. Lowes Home Ctrs., LLC*, 1:25-cv-00099-LEW, 2025 U.S. Dist. 234384, at *2 (D. Me. Dec. 2, 2025).  As the Magistrate Judge explained to Mr. Reardon on December 2, 2025, his failure to comply with Local Rule 26 resulted in the denial of his motion to compel production of documents.  *Id.* at *3.

Based on the record before it, the Court rejects Mr. Reardon's request to reopen discovery and his other motions, seeking essentially the same thing.

## III.   CONCLUSION

The Court rules on the pending motions as follows:

(1)     The Court DENIES Plaintiff's Motion for Leave to File First Amend Complaint (ECF No. 22);

---

[7]     Mr. Reardon asserts that he "promptly sought the Court's intervention," *Pl.'s Extension Mot.* at 1, and the medical provider deposition was delayed "despite Plaintiff's request for Court intervention." *Pl.'s Reopen Mot.* at 2.  If Mr. Reardon requested court intervention, the Court has no record of it.

(2)     The Court DENIES Plaintiff's Motion for Expedited Jury Trial (ECF No. 23);

(3)     The Court DENIES Plaintiff's Motion for Sanctions (ECF No. 25), Plaintiff's Motion for Sanctions Against Defendant and Defense Counsel (ECF No. 35); and Plaintiff's Motion for Sanctions Under Fed. R. Civ. P. 37 for Discovery Obstruction and Failure to Preserve Evidence (ECF No. 39);

(4)     The Court DENIES Plaintiff's Motion to Extend Time to Conduct Depositions (ECF No. 34), Plaintiff's Motion to Defer Ruling on Defendant's Anticipated Motion for Summary Judgment Under Rule 56(d) (ECF No. 36), Plaintiff's Motion for Leave to Reopen Discovery for the Limited Purpose of Completing Necessary Depositions and Addressing Evidentiary Deficiencies Caused by Defendant's Noncompliance (ECF No. 37), and Plaintiff's Motion to Compel Depositions (ECF No. 38).

The Court ORDERS Plaintiff to file his response to the pending motion for summary judgment pursuant to District of Maine Local Rule 56 by filing his opposing memorandum of law, opposing statement of material facts, and reply statement of material fact within twenty-one days of the date of this Order.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 30th day of June, 2026

26