UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| NATHAN REARDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:25-cv-00099-JAW |
| | ) | |
| LOWE'S HOME CENTERS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON MOTION FOR SUMMARY JUDGMENT

Concluding that a fact finder could find that a plaintiff sustained some injury from an incident at a retail store, the court denies the store's motion for summary judgment, leaving for later resolution the extent to which the plaintiff's lack of expert testimony on medical causation bars some aspects of the plaintiff's claims.

## I.   BACKGROUND

On March 19, 2025, Nathan Reardon filed a complaint against Lowe's Home Centers, LLC (Lowe's), alleging that Lowe's was negligent on December 19, 2019, and its negligence caused him to sustain personal injuries. *Compl.* (ECF No. 1). Lowe's answered the complaint on May 16, 2025. *Answer, Affirmative Defenses and Jury Demand of Def. Lowe's Home Centers, LLC* (ECF No. 7). The parties engaged in discovery, and on October 9, 2025, Lowe's gave notice of its intent to file a motion for summary judgment. *Def. Lowe's Home Centers, LLC's Notice of Intent to File Mot. for Summ. J.* (ECF No. 13). The Magistrate Judge held a prefiling conference pursuant to Local Rule 56(h) on November 13, 2025 and issued an order the same day. *Report of Pre-filing Conf. under Local R. 56(h) and Procedural Order* (ECF No. 20). Lowe's

filed its motion for summary judgment on December 3, 2025 with a statement of material facts. *Def. Lowe's Home Centers, LLC's Mot. for Summ. J.* (ECF No. 29) (*Def.'s Mot.*); *Def. Lowe's Home Centers, LLC's Statement of Material Facts in Support of Mot. for Summ. J.* (ECF No. 30) (DSMF).

Mr. Reardon's opposition to Lowe's motion for summary judgment was originally due by December 26, 2025. However, on December 11, 2025, Mr. Reardon filed a motion for the Court to defer ruling on Lowe's anticipated motion for summary judgment under Rule 56(d). *Pl.'s Mot. to Defer Ruling on Def.'s Anticipated Mot. for Summ. J. Under Rule 56(d)* (ECF No. 36) (*Pl.'s Defer Mot.*). On December 29, 2025, Lowe's filed an objection to the motion to defer ruling. *Def.'s Obj. to Pl.'s Mot. to Defer Ruling on Def.'s Anticipated Mot. for Summ. J. Under Rule 56(d)* (ECF No. 45) (*Def.'s Defer Opp'n*). This filing effectively placed the motion for summary judgment on hold until the Court ruled on the motion to defer.

On June 22, 2026, Chief Judge Lance Walker recused himself from the case, *Order of Recusal* (ECF No. 47), and the case was randomly assigned to this Judge. On June 30, 2026, the Court ruled on all pending motions, except the motion for summary judgment and denied the motion to defer ruling on the motion for summary judgment. *Order on Pending Mots.* (ECF No. 48). Mr. Reardon's opposition to the motion for summary judgment was due by July 21, 2026; however, he failed to file an opposition.

## II.     LEGAL PRINCIPLES

### A.     Effect of Failure to Respond to Motion for Summary Judgment

Despite Plaintiff's failure to respond to the motion for summary judgment, a court will not automatically grant a motion for summary judgment. *Girard v. Dodd*, No. 2:16-cv-00165-LEW, 2019 U.S. Dist. LEXIS 129294, at *6 (D. Me. Aug. 2. 2019); *NEPSK, Inc. v. Town of Houlton*, 283 F.3d 1, 7-8 (1st Cir. 2002); *Leonard v. Young*, No. CV-09-192-B-W, 2010 U.S. Dist. LEXIS 19253 (D. Me. Mar. 2, 2010) ("The failure of the non-moving party to respond does not automatically entitle the movant to summary judgment"). A court will grant a motion for summary judgment only if it is "appropriate" or, in other words, if the moving party's submission shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *see also NEPSK, Inc.*, 283 F.3d at 8.

## B.    Legal Standard

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Genuine issues of fact are those that a factfinder could resolve in favor of the nonmovant, while material facts are those whose 'existence or nonexistence has the potential to change the outcome of the suit.'" *Green Mountain Realty Corp. v. Leonard*, 750 F.3d 30, 38 (1st Cir. 2014) (quoting *Tropigas de P.R., Inc. v. Certain Underwriters at Lloyd's of London*, 637 F.3d 53, 56 (1st Cir. 2011)).

When the movant "has made a preliminary showing that there is no genuine issue of material fact, the nonmovant must 'produce specific facts, in suitable evidentiary form, to . . . establish the presence of a trialworthy issue.'" *McCarthy v. City of Newburyport*, 252 F. App'x 328, 332 (1st Cir. 2007) (alteration in original)

(quoting *Triangle Trading Co. v. Robroy Indus., Inc.*, 200 F.3d 1, 2 (1st Cir. 1999)). The nonmoving party must provide "'enough competent evidence' to enable a factfinder to decide in its favor on the disputed claims." *Carroll v. Xerox Corp.*, 294 F.3d 231, 237 (1st Cir. 2002) (quoting *Goldman v. First Nat'l Bank of Bos.*, 985 F.2d 1113, 1116 (1st Cir. 1993)). Then, a "court views the facts and draws all reasonable inferences in favor of the nonmoving party," *Ophthalmic Surgeons, Ltd. v. Paychex, Inc.*, 632 F.3d 31, 35 (1st Cir. 2011), disregarding "[c]onclusory allegations, improbable inferences, acrimonious invective, or rank speculation." *Mancini v. City of Providence ex rel. Lombardi*, 909 F.3d 32, 38 (1st Cir. 2018) (quoting *Ahern v. Shinseki*, 629 F.3d 49, 54 (1st Cir. 2010)).

## III.    STATEMENT OF FACTS

On December 28 or 29, 2019, Nathan Reardon visited the Lowe's store at 15 Arista Drive in Brewer, Maine to purchase wooden fence posts for a project.[1] DSMF ¶ 1. Mr. Reardon alleges that while in the checkout line, a Lowe's cashier mishandled or fumbled a wooden fence post, and the post fell toward Mr. Reardon. DSMF ¶ 2. To protect himself from injury, Mr. Reardon reached up to catch the falling post, which struck and damaged his thumb. DSMF ¶ 3. As a result of catching the fence post, Mr. Reardon sustained a tendon injury to his thumb, which required surgical replacement. DSMF ¶ 4. As a result of catching the wooden fence post, Mr. Reardon experienced permanent damage to his thumb including ongoing pain and reduced

---

[1]        Although Lowe's posits this and other facts favorable to Mr. Reardon as mere allegations, the Court is required to view the facts in the light most favorable to the non-movant and therefore deems the alleged facts as true for purposes of this motion.

4

mobility, preventing him from using his hand as he did before the incident.  DSMF ¶ 5.

Mr. Reardon has identified three witnesses who have knowledge of discoverable information related to this matter: Suman Korrapti, Heather Reardon, and Arthur Reardon, each of whom observed the incident.  DSMF ¶ 6.  Mr. Reardon is not a doctor and works as a carpenter and performs maintenance work for a living.  DSMF ¶¶ 7-8.  Mr. Reardon is unable to fully explain his injuries in this case.  DSMF ¶ 9.

Mr. Reardon first sought treatment and imaging for his right thumb injury in February 2020.  DSMF ¶ 10.  Mr. Reardon was subsequently diagnosed with "a slight subluxation of the base of the first proximal phalanx from the head of the articulation with the head of the first metacarpal[]," which "could be positional."  DSMF ¶ 11.  Mr. Reardon understands that a doctor performed an MRI of his hand and determined that a tendon was damaged and required replacement.  DSMF ¶ 12.  Mr. Reardon understands that a surgeon was required to remove his thumb tendon and replace it with a tendon from his arm.  DSMF ¶ 13.

Lowe's expert witness, Dr. Bruce Leslie, an orthopaedic surgeon, concluded that the x-ray obtained by Mr. Reardon's primary care physician and noted by the urgent care facility was consistent with a radial collateral ligament (RCL) tear.  DSMF ¶ 14.  Dr. Leslie has opined that RCL tears do not necessarily need to be treated, unless by splinting, anti-inflammatory medication, or time.  DSMF ¶ 15. Dr. Leslie has opined that Mr. Reardon's injury documented in Lowe's video footage, was

not consistent with an injury that would cause an RCL tear on that date, and it is more likely than not that the need for surgery was due to a chronic RCL injury which was unrelated to the December 2019 injury at Lowe's.  DSMF ¶ 16.

## IV.    LOWE'S POSITION

Noting that Mr. Reardon has not identified an expert witness in this case, Lowe's argues that Mr. Reardon has failed as a matter of law to prove a crucial element of his claim of negligence: causation. *Def.'s Mot.* at 3.  Lowe's notes that Mr. Reardon did not immediately seek medical treatment for his injury, and it presses the view that whether his later tendon surgery is related to the incident at Lowe's does not fall within common knowledge. *Id.* at 3-5.  Faced with Dr. Leslie's expert explanation of an alternative cause for his need for surgery, Lowe's contends that it is entitled to summary judgment. *Id.* at 5-6.

## V.    DISCUSSION

Under Maine law, "[a] cause of action for negligence has four elements: (1) a duty of care owed to the plaintiff; (2) a breach of that duty; (3) an injury; and (4) causation, that is, a finding that the breach of the duty of care was a cause of the injury." *Nadeau v. Nadeau*, 2026 ME 62, ¶ 17, (quoting *Est. of Smith v. Cumberland Cnty.,* 2013 ME 13, ¶ 16, 60 A.3d 759).  Lowe's rests its motion for summary judgment on its claim that Mr. Reardon cannot prove causation.

"Proximate cause is an action occurring in a natural and continuous sequence, uninterrupted by an intervening cause, that produces an injury that would not have occurred but for the action." *Toto v. Knowles*, 2021 ME 51, ¶ 10, 261 A.3d 233 (quoting

6

*Cyr v. Adamar Assocs. Ltd. P'ship*, 2000 ME 110, ¶ 6, 752 A.2d 603). "A fact finder may draw reasonable inferences in determining issues of causation." *Id.* (citing *Marcoux v. Parker Hannifin/Nichols Portland Div.*, 2005 ME 107, ¶ 26, 881 A.2d 1138) (holding that a fact finder may infer causation without speculation from supported assertions that the plaintiff fell after she made physical contact with a stain on the floor).

"Although causation in a vehicle accident case is usually a matter to be resolved by the fact finder, summary judgment may be appropriate if the record is completely devoid of evidence supporting causation." *Id.* ¶ 11 (quoting *Est. of Smith*, 2013 ME 13, ¶ 18. "Evidence 'submitted in opposition to summary judgment[] need not be persuasive at that stage,' but it 'must be sufficient to allow a fact-finder to make a factual determination without speculating.'" *Id.* (quoting *Est. of Smith,* 2013 ME 13, ¶ 19).

"The amount or type of evidence required to prove causation may turn on the complexity of the facts." *Id.* ¶ 12; *See Tolliver v. Dep't of Transp.*, 2008 ME 83, ¶ 42, 948 A.2d 1223 ("Our precedents also indicate that in cases involving complex facts beyond the ken of the average juror, . . . more substantial evidence of proximate cause may be required"). "Although expert testimony may be required if a party is asserting complex medical facts to establish causation," *id.* ¶ 12, (citing *Merriam v. Wanger*, 2000 ME 159, ¶¶ 11-18, 757 A.2d 778), "expert testimony is not required if 'the negligence and harmful results are sufficiently obvious as to lie within common

knowledge.'" *Id.* (quoting *Pattern v. Milam*, 480 A.3d 774, 778 (Me. 1984)) (quotation marks omitted).

Applying these principles to Mr. Reardon's case, Lowe's is not entitled to summary judgment in this case. The *Toto* opinion, cited by Lowe's, explains why. *See Def.'s Mot.* at 3. In *Toto*, while stopped in traffic behind a minivan, Mr. Toto's vehicle was struck from behind causing his vehicle to strike the minivan. *Toto*, 2021 ME 51, ¶ 2. Mr. Toto "complained of a loss of consciousness and extreme pain on the top of his head, and he was transported to a hospital for evaluation. After the accident, he suffered headaches, balance issues, and impaired vision, none of which he suffered before the accident." *Id.* Mr. Toto had been seen by an optometrist for vision troubles after the accident and the optometrist diagnosed "visual midline shift," a diagnosis challenged by the Defendant in a motion in limine, claiming that the optometrist was not qualified to express such an opinion and that "visual midline shift" is not a recognized diagnosis in medicine. *Id.* ¶ 3.

The trial court ultimately granted the Defendant's motion in limine excluding the optometrist's expert testimony and her motion for summary judgment, concluding that without expert testimony, Mr. Toto could not proceed to trial because the issue of medical causation between the accident and his vision issues required expert testimony, and Mr. Toto could not sustain his burden to prove proximate causation between the accident and his injuries. *Id.* ¶ 7.

Significantly, the Law Court vacated the trial court's summary judgment and remanded to the trial court for further proceedings. *Id.* ¶ 17. The *Toto* Court explained:

> Construing the supported statements of material facts in the light most favorable to Toto, as we must, *see MSR Recyling, LLC v. Weeks & Hutchins, LLC*, 2019 ME 125, ¶ 6, 214 A.3d 1, we conclude that there is a genuine issue of material fact as to whether the accident caused Toto some injury. Although Toto did not offer admissible evidence that the accident proximately caused a "visual midline shift," *see Merriam*, 2000 ME 159, ¶¶ 11-18, he did assert and offer evidence of facts sufficient to generate a genuine issue of material fact as to whether the accident caused him harm. Using common knowledge and drawing reasonable inferences, a fact finder could determine that the accident caused some injury to Toto. *See Curtis v. Porter*, 2001 ME 158, ¶ 9, 784 A.2d 18; *Foddrill* [*v. Crane,*] 894 N.E.2d [1070,] 1074, 1078 [Ind. Ct. App. 2008)].

*Id.* ¶ 14.

Applying *Toto* to these facts, a fact finder could well determine that when the Lowe's clerk fumbled the wooden fence post and it struck and damaged Mr. Reardon's thumb, he sustained an injury through Lowe's negligence for which he is entitled to some compensation. In other words, even if the Court agreed with Lowe's that whether Mr. Reardon's later need for a tendon repair was caused by the December 2019 incident requires expert testimony, a jury could still conclude that he is entitled to compensation for the immediate consequences of the injury, namely pain in his thumb. Exactly where along the continuum after December 2019 commonsense causation ends and the need for expert testimony begins is a question better left for trial. As the Law Court ruled in *Toto*, the Court rules in this case.

9

## VI.   CONCLUSION

The Court DENIES Lowe's Home Centers, LLC's Motion for Summary Judgment

(ECF No. 30).

SO ORDERED.

<u>/s/ John A. Woodcock, Jr.</u>
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 28th day of July, 2026