UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| NATHAN REARDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:25-cv-00099-JAW |
| | ) | |
| LOWE'S HOME CENTERS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON MOTION IN LIMINE REGARDING IMPEACHMENT UNDER FEDERAL RULE OF EVIDENCE 609

The court concurs with the parties that the plaintiff's bank fraud convictions are admissible under Federal Rule of Evidence 609, instructs the parties on the mechanism for admission, and rejects the plaintiff's argument that his collateral attack of the convictions constitutes an appeal under Federal Rule of Evidence 609(e) because there is no collateral attack pending and because, even if there were, a collateral attack is not an appeal.

## I. BACKGROUND

This personal injury case is scheduled for jury trial in the November term of court; the jury was selected on November 4, 2026 and jury trial is scheduled to commence on November 18, 2026. *Notice of Hr'gs* (ECF No. 65); *Min. Entry* (ECF No. 125). According to Mr. Reardon, this action arises from an incident at the Lowe's Home Centers, LLC's (Lowe's) store at 15 Arista Drive, Brewer, Maine on December 29, 2019 in which Mr. Reardon alleges he sustained an injury to his thumb as a

consequence of the negligence of a Lowe's cashier. *Report of Final Pretrial Conf. and Order* at 1 (ECF No. 64) (*Final Pretrial Order*).

On September 29, 2026, Mr. Reardon filed a motion to define and limit Rule 609 impeachment. *Pl.'s Revised Mot. in Limine to Define and Limit Rule 609 Impeachment* (ECF No. 87) (*Pl.'s Mot.*). On September 30, 2026, Lowe's filed its opposition. *Def. Lowe's Home Ctrs., LLC's Opp'n to Pl.'s Revised Mot. in Limine to Exclude or Limit Evid. of Prior Crim. Convictions* (ECF No. 82) (*Lowe's Opp'n*). On October 14, 2026, Mr. Reardon filed a reply. *Pl.'s Mot. for Leave to File Limited Reply and Incorporated Limited Reply Regarding Rule 609 Impeachment (Responding to ECF No. 82)* (ECF No. 103) (*Pl.'s Reply*).[1]

## II. POSITIONS OF THE PARTIES

### A. Nathan Reardon's Motion

In his motion, Mr. Reardon concedes that his bank fraud convictions are mandatorily admissible under Federal Rule of Evidence 609(a)(2), and he does not contend that the convictions should be excluded under Federal Rule of Evidence 403. *Pl.'s Mot.* at 1. Mr. Reardon, however, says that the facts underlying the convictions are not admissible. *Id.* at 1-2. Mr. Reardon next maintains that, even if the convictions are admissible, he should be allowed to introduce evidence of his pending collateral challenge under Federal Rule of Evidence 609(e). *Id.* at 2. In addition, Mr. Reardon urges the Court to give the jury a limiting instruction under Federal Rule of

[1] This Court's final pretrial order did not allow the parties to file replies in motions in limine. *Final Pretrial Order* at 2. Mr. Reardon therefore moved for leave to file a reply. The Court grants his motion for leave to file a reply.

Evidence 105 that the jury may not use evidence of his prior convictions as evidence of negligence or as evidence of his character. *Id.* at 2. Finally, Mr. Reardon asks the Court to issue a ruling before he testifies. *Id.*

### B. Lowe's Opposition

Lowe's first observes that Mr. Reardon's convictions fit within the provisions of Federal Rule of Evidence 609. *Lowe's Opp'n* at 1. Next, Lowe's argues that a collateral attack is not an appeal under Federal Rule of Evidence 609(e). *Id.* at 2-5.

## III. DISCUSSION

### A. Admissibility of Convictions

The Court agrees with the parties that Mr. Reardon's convictions are mandatorily admissible under Federal Rule of Evidence 609(a)(2). The elements of Mr. Reardon's bank fraud convictions require proving a "dishonest act or false statement." FED. R. EVID. 609(a)(2); *see United States v. Colón-Rodríguez*, 696 F.3d 102, 106 (1st Cir. 2012) ("The elements of this (bank fraud) crime are well established: (1) the defendant must engage in a scheme or artifice to defraud, or must make false statements or misrepresentations to obtain money from (2) a financial institution and (3) must do so knowingly") (quoting *United States v. Blasini-Lluberas,* 169 F.3d 57, 64 (1st Cir. 1999)). Furthermore, the convictions were within ten years of this trial. *See* FED. R. EVID. 609(b).

The Court also agrees that the convictions are admissible only to attack Mr. Reardon's "character for truthfulness," FED. R. EVID. 609(a), and that the jury may not consider his convictions as evidence of his bad character or as evidence of

negligence. If the convictions are admitted, the Court will give an appropriate limiting instruction. *See* FED. R. EVID. 105.

**B. The Mechanics of Admission**

Although the parties do not specify which convictions are at issue, this Court's docket reflects that on May 13, 2021, a federal grand jury indicted Mr. Reardon for five counts of bank fraud, three counts of attempted wire fraud, two counts of making false statements to a bank, and one count of perjury. *United States v. Reardon*, 1:21-cr-00061-SDN, *Indictment* (ECF No. 20). On July 5, 2022, Mr. Reardon entered a plea of guilty to five counts of bank fraud. *Id.*, *Min. Entry* (ECF No. 136). Pursuant to a plea agreement, the Government agreed to dismiss the remaining counts. *Id.*, *Agreement to Plead Guilty* (ECF No. 133); *Oral Mot.* (ECF No. 156). On November 3, 2022, based on the five bank fraud counts, a United States District Court Judge sentenced Mr. Reardon to a concurrent term of twenty months of incarceration, three years of supervised release, restitution in the amount of $60,316.39 payable to the U.S. Small Business Administration, and a five-hundred-dollar special assessment. *J.* (ECF No. 159). The remaining counts were dismissed. *Id.*

If Mr. Reardon testifies, Lowe's will be allowed to ask Mr. Reardon whether he is the same Nathan Reardon who was convicted on November 3, 2022 of five counts of bank fraud, in violation of 18 U.S.C. § 1344. Presumably, Mr. Reardon will admit his convictions. If so, this will end the inquiry. During its closing argument, Lowe's will be allowed to argue to the jury that it should consider these convictions to the extent they affect their assessment of Mr. Reardon's credibility. Of course, in his

closing argument, Mr. Reardon will be allowed to argue that the jury should not hold these convictions against his credibility, but he may not argue the specifics of the crimes because the specifics will not be in evidence.

**C. Federal Rule of Evidence 609(e)**

Mr. Reardon argues that he should be allowed to introduce evidence that he is currently collaterally attacking his convictions. He is wrong. There is no § 2255 motion pending.

On November 11, 2022, Mr. Reardon filed an appeal with the Court of Appeals for the First Circuit. *Id.*, *Notice of Appeal* (ECF No. 161). On May 23, 2024, the Court of Appeals issued an opinion, affirming the sentence but vacating a specific condition among the supervised release conditions imposed by the district court and remanding for resentencing limited to a re-examination of that condition. *Id., Opinion* (ECF No. 193); *United States v. Reardon*, 102 F.4th 558, 570 (1st Cir. 2024). On July 23, 2024, the district judge resentenced Mr. Reardon following a sentencing hearing and issued an amended judgment. *Id., Min. Entry* (ECF No. 200); *Id., Am. J.* (ECF No. 201). On August 5, 2024, Mr. Reardon filed a notice of appeal from the amended judgment. *Notice of Appeal* (ECF No. 203).

On May 8, 2025, while his direct appeal was pending, Mr. Reardon filed a motion under 28 U.S.C. § 2255. *Id.*, *Mot. to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255* (ECF No. 246). Mr. Reardon asked for his conviction to be vacated under various theories. *Id.* at 1-13. On October 21, 2025, the Magistrate Judge issued a recommended decision in which he recommended that Mr. Reardon's motion

to vacate be dismissed without prejudice because Mr. Reardon's direct appeal was still pending. *Id.*, *Recommended Decision on 28 U.S.C. § 2255 Mot.* (ECF No. 292). On November 4, 2025, Mr. Reardon objected to the recommended decision. *Id.*, *Obj. to Magistrate Judge's Recommended Dismissal of § 2255 Mot. (ECF 292)* (ECF No. 296). On November 21, 2025, the district judge affirmed the recommended decision over Mr. Reardon's objection. *Id.*, *Order Affirming Recommended Decision of the Magistrate Judge* (ECF No. 303). On December 2, 2025, Mr. Reardon filed a notice of appeal. *Id.*, *Notice of Appeal* (ECF No. 304). On October 13, 2026, the First Circuit denied Mr. Reardon's request for a certificate of appealability and rejected his request for remand. *Id.*, *J.* (ECF No. 369). On October 16, 2026, the United States District Court issued an omnibus order, which noted, among other things, that there is no pending § 2255 motion. *Id., Omnibus Order* at 1-2 (ECF No. 370) ("Despite the fact that Mr. Reardon had no pending § 2255 Motion, he has consistently asked this Court to act on this dismissed motion").

Even if there were a § 2255 motion pending, which there is not, there is no authority for the proposition that Federal Rule of Evidence 609(e) applies to collateral attacks under 28 U.S.C. § 2255 as opposed to direct appeals. By its terms, Rule 609(e) applies to appeals, not later collateral attacks. FED. R. EVID. 609(e) ("**Pendency of an Appeal.** A conviction that satisfies this rule is admissible even if an appeal is pending. Evidence of the pendency is also admissible"). Mr. Reardon has presented no authority to the contrary.

## IV. CONCLUSION

The Court GRANTS in part and DENIES in part Plaintiff's Revised Motion in Limine to Define and Limit Rule 609 Impeachment (ECF No. 87).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 10th day of November, 2026