UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| NATHAN REARDON,<br><br>Plaintiff,<br>v.<br><br>LOWE'S HOME CENTERS, LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:25-cv-00099-JAW |

**PUNITIVE DAMAGES ORDER**

The court rejects a plaintiff's late-filed demand to allow him to proceed with a punitive damages claim in this negligence action because he failed to allege punitive damages in a timely fashion and because there is nothing in the record to suggest that the plaintiff could possibly meet the high standard for punitive damages under Maine law.

## I. BACKGROUND

This personal injury case is scheduled for jury trial in the November term of court; the jury was selected on November 4, 2026, and trial is scheduled to commence on November 18, 2026. *Notice of Hr'gs* (ECF No. 65); *Min. Entry* (ECF No. 125). According to Mr. Reardon, this action arises from an incident at the Lowe's store at 15 Arista Drive, Brewer, Maine on December 29, 2019. *Report of Final Pretrial Conf. and Order* at 1 (ECF No. 64). While in the checkout line, Mr. Reardon says that a Lowe's cashier mishandled a 4x4 wooden fence post, causing it to fall toward his head. *Id.* To protect himself from serious injury, Mr. Reardon reached up to catch the falling post, which struck and damaged his thumb. *Id.* Mr. Reardon alleges that as

a result of the cashier's negligence, he suffered a tendon injury to his thumb, requiring surgical repair. *Id.* Mr. Reardon says that he has experienced permanent damage to his thumb, including ongoing pain and reduced mobility, preventing him from using his hand as he did before the incident. *Id.* at 1-2. Mr. Reardon further alleges that he is the father of five young children and works as a mechanic, a job that requires full mobility and dexterity in his hands and that he also performs carpentry and maintenance work, both of which have been significantly impaired by the injury to his thumb. *Id.* at 2. Finally, he says that the thumb injury has severely restricted his ability to engage in activities with his children. *Id.* Mr. Reardon's complaint alleges that Lowe's was negligent and that its negligence has caused him to suffer damages. *Id.*

In addition, Mr. Reardon is asserting a claim for punitive damages against Lowe's. *Pl.'s Resp. Regarding Basis for Preservation of Punitive Damages* (ECF No. 86); *Pl.'s Resp. Regarding Basis for Punitive Damages* (ECF No. 92) (collectively, *Pls' Punitive Damages Claim*). Mr. Reardon did not allege a claim for punitive damages in his complaint. *Compl.,* at 1-3 (ECF No. 1). On November 18, 2025, Mr. Reardon moved to amend his complaint to assert, among other things, a claim for punitive damages. *Mot. for Leave to File First Am. Compl.* (ECF No. 22) (*Pl.'s Mot. to Amend*). The Court denied the motion to amend on June 30, 2026, concluding that Mr. Reardon had filed the motion to amend after the deadline for such a motion had expired and he had failed to establish good cause for his delay in making the motion. *Order on Pending Mots.* at 12-15 (ECF No. 48). At the pretrial conference in this case, the

Court was unclear whether Mr. Reardon was pressing a punitive damages claim and ordered Mr. Reardon not only to confirm his position on punitive damages but also to explain the basis of that claim, giving Lowe's an opportunity to respond. *Report of Final Pretrial Conf. and Order* at 5 (ECF No. 64).

## II. PUNITIVE DAMAGES

### A. Nathan Reardon's Motion

On September 29, 2026, Mr. Reardon filed a response to the Court's pretrial order, setting forth the basis for his punitive damages claim. *Pls' Punitive Damages Claim* at 1-2.

### B. Lowe's Response

On September 30, 2026, Lowe's responded. *Resp. of Def. Lowe's Home Ctrs., LLC to Pl.'s Resp. Regarding Basis for Punitive Damages* (ECF No. 84).

## III. DISCUSSION

The Court rejects Mr. Reardon's request to bring a punitive damages claim at this late point in the case. Mr. Reardon made no claim for punitive damages in his original complaint. *Compl.* at 1-3. After the deadline for amending the pleadings had expired, Mr. Reardon sought to amend his complaint to allow for (among other things) the assertion of a claim for punitive damages. *Pl.'s Mot. to Amend*, Attach. 1, *First Am. Compl.* at 2. But, as noted above, the Court denied Mr. Reardon's motion to amend the complaint, so there is no operative pleading in which he has made the claim.

Furthermore, the Maine standards for punitive damages are extremely rigorous. In 1985, the Maine Supreme Judicial Court issued *Tuttle v. Raymond*, 494 A.2d 1353 (Me. 1985), which held that punitive damages will be available only when a plaintiff "can prove by clear and convincing evidence that the defendant acted with either express or implied malice." *Id.* at 1363-64. To constitute express malice, the plaintiff must show that "the defendant's tortious conduct is motivated by ill will toward the plaintiff." *Id.* at 1361. To prove implied malice, the plaintiff must show that the defendant's conduct was deliberate and, even though motivated by something other than ill will toward someone in particular, was "so outrageous that malice toward a person injured as a result of that conduct can be implied." *Id.*

Following *Tuttle*, the Maine Law Court has overturned punitive damages awards in some cases, *see Waxler v. Waxler*, 1997 ME 190, ¶¶ 15-16, 699 A.2d 1161; *Boivin v. Jones & Vining, Inc.*, 578 A.2d 187, 189 (Me. 1990), has affirmed trial court decisions not to allow juries to consider punitive damages in the absence of sufficiently outrageous conduct, *see Cutting v. Down E. Orthopedics, P.A.*, 2025 ME 66, ¶¶ 7, 20-21, 340 A.3d 113, *but see Bratton v. McDonough*, 2014 ME 64, ¶¶ 25-26, 91 A.3d 1050, and has affirmed trial court orders to grant summary judgment on a punitive damages claim in the absence of similar evidence. *See Reardon v. Larkin*, 2010 ME 86, ¶ 2 n.1, 3 A.3d 376.

There is no evidence before the Court that would allow it to conclude that Mr. Reardon could meet the high standard for punitive damages in Maine. There is no

suggestion that the accident alleged in the complaint occurred due to actual or implied malice.

## IV. CONCLUSION

The Court DENIES Nathan Reardon's claim for punitive damages in this case. *Pl.'s Resp. Regarding Basis for Preservation of Punitive Damages* (ECF No. 86); *Pl.'s Resp. Regarding Basis for Punitive Damages* (ECF No. 92).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 10th day of November, 2026